# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

GEORGE ODELL MINOR, JR.　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #151515

v.　　　　　　　　　　　4:17cv00490-BSM-JJV

TAMESHA BAZZELLE,
Nurse, Turn Key Health; *et al.*　　　　　　　　　　　　　　　　　　DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

　　　　1.　　Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I. INTRODUCTION**

George Odell Minor, Jr. ("Plaintiff") is incarcerated at the Pulaski County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges he was given another detainee's medication and was not immediately checked by a doctor upon realizing the mistake. (*Id*. at 4-5.) Plaintiff seeks compensatory damages for his mental anguish, punitive damages, medical attention from an outside provider, and termination of the nurse who mistakenly gave him the wrong medication. (*Id*. at 7.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff alleges Defendant Tamesha Bazzelle, a nurse at the Pulaski County Detention Facility, gave him the wrong medication on April 24, 2017, after mistaking him for another detainee with a similar name. (Doc. No. 2 at 4.) Plaintiff apparently realized the medication was not meant for him immediately after taking it; Defendant Bazzelle

3

apologized and then provided his correct medication. (*Id.*) Providing the wrong medication to an inmate or detainee is obviously potentially dangerous, and Plaintiff's allegation is not to be taken lightly. However, this incident, as Plaintiff has described it in his Complaint, was apparently a mere accident. A pretrial detainee's claim of inadequate medical care is analyzed under the deliberate indifference standard; the detainee must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *See, e.g.*, *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Davis v. Hall*, 992 F.2d 151, 152-53 (8th Cir. 1993). An inadvertent failure to provide adequate medical care does not rise to the level of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Similarly, "[a]n accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Id*. Plaintiff's Complaint fails to state a claim of deliberate indifference against Defendant Bazzelle. If he has any information that would show this incident was more than an accident, he should provide it in his objections to this recommendation.

Plaintiff also seeks to hold accountable Defendant Bazzelle's employer, Defendant Turn Key Health, and its administrator, Defendant Mitchell. He alleges he submitted an emergency grievance after taking the wrong medication and still did not receive any medical attention for ten days. (Doc. No. 2 at 4-5.) But Plaintiff admits he did not request medical attention through the sick call process despite being advised to do so. (*Id.*) According to his own account, he did not submit a sick call request because he "just slept it off." (*Id*. at 9.) Plaintiff's allegations against Defendants Turn Key Health and Mitchell fail to state a claim upon which relief could be granted.

4

Finally, Plaintiff names Defendant Doc Holliday, Pulaski County Sheriff, and alleges his deputies failed to follow protocol after Plaintiff submitted emergency grievances. (Doc. No. 2 at 5.) But under § 1983, a supervisor cannot be held liable on a theory of *respondeat superior* for an employee's unconstitutional actions. *See, e.g.*, *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *see also Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Moreover, a prison grievance procedure is a procedural right only; it does not confer any substantive rights or give rise to a protected liberty interest. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). For this same reason, Plaintiff fails to state a claim against Defendant Holliday for withholding information Plaintiff sought concerning which deputies responded to his grievances. (Doc. No. 2 at 5-6.)

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.  Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

DATED this 8th day of August, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE